**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**EDWARD DEWAYNE WASHINGTON**                                                      **PLAINTIFF**

**v.**                                                         **CAUSE NO.: 4:06CV89**

**GENERAL MOTORS CORPORATION**                                                 **DEFENDANT**

**<u>MEMORANDUM OPINION ON SUMMARY JUDGMENT</u>**

This cause is before the court on Defendant's Motion for Summary Judgment. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the Court finds that the Defendant's Motion for Summary Judgment should be GRANTED. The court specifically finds as follows:

*A. Factual and Procedural Background*

Edward Dewayne Washington bought a new 2000 black Chevrolet Tahoe Series 1500 from Allstar Motors of Greenville, Inc., on October 11, 1999. As part of the sale, General Motors ("GM") issued an express warranty on the 2000 Chevrolet Tahoe for a period of three years, or 36,000 miles, whichever occurred first. On July 12, 2002, the original ACDelco battery installed in the 2000 Chevrolet Tahoe sold to Washington was replaced by Allstar Motors. The receipt for the replacement noted that it was for "warranty" work. The replacement battery was an ACDelco battery, manufactured by Delphi Corporation.

When the engine of the 2000 Chevrolet Tahoe failed to start on August 27, 2004, Washington opened the hood to inspect the engine. Upon opening the hood, the replacement battery exploded, spewing battery acid into Washington's eyes. As a result of that incident, Washington contends he suffered a partial loss of vision, severe burns to his eyes, physical scarring and pain and suffering.

Plaintiff filed a complaint in this case against GM and Delphi Corporation[1] under three theories of liability: negligence, breach of express and implied warranties, and strict liability.

### B. *Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

---

[1] Delphi Corporation was dismissed as a party defendant on April 2, 2007 [35] due to bankruptcy proceedings instituted by the company.

*C. Discussion*

"A plaintiff bringing an action under strict liability, breach of warranty or negligence action under Mississippi law bears the burden of proving that the [injured] sustained an actionable injury caused by the acts or omissions of the defendants." Washington v. Armstrong World Industries, Inc., 839 F.2d 1121, 1123 (5th Cir. 1988) (citing Mozingo v. Correct Mfg. Corp., 752 F.2d 168, 176 (5th Cir. 1985); Early-Gary, Inc. v. Walters, 294 So. 2d 181, 186 (Miss. 1974)). According to the case management order entered in this case, Plaintiff was to designate his expert by December 1, 2006. Plaintiff failed to serve any expert report until April 4, 2007, five days after the Defendant filed the subject motion for summary judgment. Plaintiff then sought to have the case management order reopened in order to extend the time available to designate his expert. On May 21, 2007, Magistrate Judge Bogen entered an order denying that motion noting that Plaintiff had no excuse for failing to timely designate his expert. Accordingly, Plaintiff does not have the benefit of expert testimony or opinion in this case.

Plaintiff contends that the Defendant's negligence in the design, manufacture, and testing proximately caused and resulted in Plaintiff's damages. Plaintiff contends that GM's duty to him arose from their position as assembler of products, the allegedly defective replacement battery being part of that assembly. Plaintiff cites Fifth Circuit case law as holding that one who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer. Ford Motor Co. v. Mathis, 322 F.2d 267, 274 (5th Cir. 1963). However, this case and its adoption of Restatement, Torts § 400 was expressly based on the Texas courts' extension of liability to manufacture-assemblers through a "public policy" argument. Id. at 272-74. The court noted that public policy demanded that responsibility be fixed where it would most effectively

3

reduce the hazards to life and health inherent in defective products that reach the market. Id. at 273, n. 10 (citing Escola v. Coca Cola Bottling Co., 150 P.2d 436 (Cal. 1944)).

Mississippi, however, has not codified or judicially adopted Restatement, Torts § 400. The Court notes here, though, that even if this section were adopted, Plaintiff's argument would not succeed in holding GM liable. The notes to Restatement, Torts § 400 reflect that it is intended only to govern in two situations: (1) where assembler appears to be the manufacturer of the chattel, and (2) where the chattel is made particularly for the assembler. GM, in regards to ACDelco batteries, does not fit within the "assembler" definition as defined by Section 400. The battery at issue here is clearly marked and marketed as an ACDelco battery, not GM battery.

Because the Plaintiff cannot establish causation by expert testimony and does not contend that he could produce evidence of causation at trial, Washington has failed to carry his burden of proof as to his negligence cause of action. Under Celotex, this failure mandates the entry of summary judgment against Washington. 477 U.S. at 322, 106 S. Ct. 2548.

Plaintiff also contends that GM had a duty to him under the new car warranty issued. However, Defendant asserts that the warranty, which expired at the first instance of 3 years or 36,000 miles, had expired. Specifically, GM points to Plaintiff's deposition and admission that at the time of the accident, Washington owned the car for about five years, and the vehicle had over 58,000 miles on it. Therefore, according to Defendant, there was no duty under the warranty remaining.

Plaintiff argues that GM's express warranty had not expired as the replacement of the battery tolled the statute of limitations for any claims arising from the defective nature of the battery. Plaintiff cites no case law or authority for this proposition. Moreover, a search by the court failed to reveal any supporting law. This Court may not accept conclusory allegations as evidence of factual disputes. TIG Ins. Co., 276 F.3d at 759.

4

Plaintiff next contends that GM breached its express and implied warranties that the ACDelco battery was fit and safe for its intended use. Defendant contends that Plaintiff's action is barred by the Mississippi warranty statute of limitations found in Mississippi Code Section 75-2-725. The Court notes here that statute of limitations is an affirmative defense and one that must be pled affirmatively under Rule 8(c). Because the Defendant did not state this as an affirmative defense in their first pleading, the Court disregards their call for it now.

Even though Plaintiff's express warranty claim is not precluded due to Defendant's procedural mistake, it is barred because the Defendant has proved and the Plaintiff has not rebutted, that the express warranty expired prior to incident at issue here. Therefore, Defendant had not warranted the vehicle's fitness past three years from the date or sale or 36,000 miles, whichever occurred first.

Plaintiff also claims that GM breached its duty under an implied warranty of merchantability. As to the merchantability of the vehicle, the Mississippi Supreme Court has held that where a car has been driven over two years and more than 26,649 miles before the owner experienced any difficulty with it, there was no breach of implied warranty of merchantability as a matter of law. Ford Motor Co. v. Fairley, 398 So. 2d 216, 219 (Miss. 1981).

Plaintiff also claims that GM breached its implied duty of warranty for the replacement battery. The Court finds that the Plaintiff has wholly failed to present any evidence linking GM Corporation to Delphi Corporation or given any reason that GM should be held liable for the incident with the replacement battery.

Moreover, breach of warranty claims cannot be submitted to a jury without both proof of a defect and proof that such defect caused the injury. Bennett v. Madakasira, 821 So. 2d 794, 809

(Miss. 2002); Crocker v. Sears, Roebuck & Co., 346 So. 2d 921 (Miss. 1977). In Crocker, the plaintiff sought damages under express and implied warranties due to her contention that a defect in her stove started a fire which ultimately destroyed her house. 346 So. 2d at 922. The plaintiff did not offer any expert testimony and testified herself that the only proof that the stove started the fire was that flames were shooting out of a window close to the stove. Id. at 923. The Mississippi Supreme Court noted that the plaintiff alleged three causes of the fire: a defect in the stove, that the house was recently rewired, and negligent installment of the stove by someone other than the defendant. Id. The Court held, "In light of this evidence, the jury would have to engage in pure speculation to conclude that the fire was caused by the defective manufacture of the stove. Id. at 923-24. Because the evidence revealed several possible causes of damage, the Court held it was improper to allow a jury to guess which one might have caused the fire. Therefore, the Court affirmed a directed verdict in favor of the defendant as the plaintiff failed to introduce evidence from which a jury could reasonably conclude that a defect in her stove caused the fire which destroyed her house. Id. at 924.

Likewise, here, Plaintiff has not alleged and/or proved a specific defect in the battery which caused his injury. Indeed, Plaintiff admits by his response to Defendant's Interrogatory that the battery explosion could have been caused by an internal short circuit in the battery produced either by a defective material in the battery or one of the poles of the battery becoming detached from its mooring; or the short circuit could have been produced by a plate or grid or part of a plate or grid breaking off and falling against another plate.

Plaintiff is unable to determine why the battery exploded and has put forth only conclusory allegations concerning the supposed defect in the battery. Plaintiff has failed to put forth any genuine issue of material fact regarding any defect in the replacement battery or proof that a defect

6

caused his injury. Therefore, Defendant's motion for summary judgment as to the breach of warranty causes of action is granted.

The Plaintiff lastly claims damages are due under a strict liability theory based on the defective design of the ACDelco battery. Plaintiff contends that because the battery was a "component" part of the Chevrolet Tahoe, GM should be held strictly liable for its defective design. Moreover, Plaintiff avers that proof of an accident or injury proves there was a defect in the battery.

In an action alleging that a product is defective because of a design defect, the claimant must show that the product failed to function as expected, and that the alternative design would not impair the utility, usefulness, practicality, or desirability of the product to users or consumers. Miss. Code Ann. § 11-1-63(f)(ii). Moreover, a feasible design alternative to an allegedly defective design is a prerequisite under this section. Hammond v. Coleman Co., 61 F. Supp. 2d 533 (S.D. Miss. 1999), *aff'd* 209 F.3d 718 (5th Cir. 2000).

The Plaintiff has been precluded from designating an expert to address the issue of a defective automotive battery, nor has he offered any other proof of a defective battery. Accordingly, Plaintiff has not presented evidence concerning a feasible design alternative and did not designate an expert to testify to such matters. Therefore, Defendant's motion for summary judgment is hereby granted as to this cause of action.

*D. Conclusion*

Plaintiff has failed to put forth any genuine issues of material fact in order to proceed to trial. Thus, the Defendant's Motion for Summary Judgment is hereby GRANTED. The Clerk of the Court is directed to CLOSE this case.

A separate order shall issue forthwith.

SO ORDERED, this the  17th  day of April, 2008.


                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT JUDGE**